UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CHOMA,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>M. MULLINS,<br><br>　　　　　　　Respondent. | Case No. CV 11-10760-DSF (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　On December 28, 2011, Stephen J. Choma ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").[1]

**RELEVANT PROCEDURAL HISTORY**

　　　　October 16, 2009, Petitioner pleaded no contest to possession of a controlled substance, in violation of California Health & Safety Code § 1137(a).  On December 1, 2010, he was sentenced to three years in state prison.  (Petition at 2.)

　　　　Petitioner filed an appeal in the California Court of Appeal, which was denied on March 9, 2011.  (Petition at 2-3.)  Petitioner did not file a petition for review in the California Supreme Court.  (Petition at 3.)

---

[1] The reference to the Magistrate Judge is hereby vacated.

Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on October 19, 2011. (Petition at 4.)

On November 23, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which is still pending. (Petition at 4.)

Petitioner acknowledges that he has not filed a habeas petition or otherwise sought relief in the California Supreme Court. (Petition at 8.)

## DISCUSSION

### I. Duty to Screen

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Id.; see also Local Rule 72-3.2.

### II. Fully Unexhausted Petition

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 518-22 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Exhaustion requires that the petitioner's contentions be presented to and disposed of on the merits by the highest court of the State. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); see also Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

A federal court may raise the exhaustion issue sua sponte and may dismiss a petition summarily on that ground. See Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). A petition containing solely unexhausted claims is subject to immediate dismissal. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted claims); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

None of the claims in the Petition have been presented to the California Supreme Court. Thus, the Petition contains only unexhausted claims, and it must be dismissed without prejudice.

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that this action be DISMISSED without prejudice to Petitioner filing a new petition after he has exhausted state remedies.

DATED: January 6, 2012

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE